UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
 :
**TSVETANA ZISERMAN**, by POA Ilya F. Iosilevich, :
 :
      Plaintiff, : **MEMORANDUM AND ORDER**
 :
 : 1:22-CV-1954 (AMD) (VMS)
  – against – :
 :
**CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE BANK (USA), N.A., CAPITAL ONE N.A.**, :
 :
      Defendants.
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

  The plaintiff *pro se* alleges that the defendants attempted to collect over $4,000 in violation of the Fair Debt Collection Practices Act ("FDCPA").[1] The defendants moved to dismiss for failure to state a claim, and the plaintiff did not oppose the motion. For the reasons that follow, the defendants' motion is granted.

## BACKGROUND

  On March 15, 2022, the plaintiff filed a form *pro se* complaint in the Civil Court of the City of New York in Kings County, alleging that "Capital One collected debt procured on fraudulent activity in violation of Federal Debt Collection Practices Act." (ECF No. 1-1 at 3.)

---

[1] The plaintiff captions her complaint "Tsvetana Ziserman by POA Ilya F. Iosilevich" and attaches a form purporting to give Mr. Iosilevich the power of attorney. (ECF No. 1-1 at 3, 6–23.) "Both federal and New York law 'prohibits the practice of law on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar, regardless of the authority purportedly conferred by execution of a power of attorney.'" *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301–02 (E.D.N.Y. 2009) (cleaned up) (quoting *In re Welsh*, 51 A.D.3d 1351, 1352 (3d Dep't 2008)). The complaint gives no indication that Mr. Iosilevich is an attorney, nor does his name appear on the New York State Bar's attorney database. I therefore treat this action as brought by Ms. Ziserman *pro se*, on behalf of herself.

The plaintiff appears to have had a Capital One credit card account. In a January 11, 2019 letter, Selip & Stylianou, LLP advised the plaintiff that her "account has been settled for less than the full balance;" the letter was "from a debt collector." (*Id.* at 5.) The plaintiff seeks $4,175 for "failure to return money," $500 in "loss of time from work" and unnamed "statutory penalties." (*Id.* at 3 (cleaned up).) The complaint provides no other factual details.

On April 6, 2022, the defendants removed this action to federal court under 28 U.S.C. §§ 1441(a) and 1446(b), because the complaint asserts violations of a federal statute. On April 13, 2022, the defendants moved to dismiss the plaintiff's complaint for failure to state a claim. (ECF No. 8 at 1–2.) When the plaintiff did not respond or seek an extension, the Court *sua sponte* granted the plaintiff additional time to respond until September 29, 2022, and then again until November 7, 2022. (*See* ECF entries dated August 29, 2022, and October 13, 2022.) The plaintiff still did not file a response or otherwise communicate with the Court. Accordingly, I consider the motion to be unopposed. *See, e.g.*, *Steele v. Donovan*, No. 19-CV-2837, 2021 WL 620907, at *1 (E.D.N.Y. Feb. 17, 2021) (characterizing a motion to dismiss as "unopposed" under similar circumstances).

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although "detailed factual allegations" are not

required—especially in a *pro se* complaint that I construe liberally "to raise the strongest arguments" it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (citation omitted)—a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citation omitted)).

While the plaintiff did not oppose the defendant's motion, "failure to oppose a 12(b)(6) motion alone cannot justify dismissal of a complaint." *LaFargue v. River Cafe Co.*, No. 12-CV-5336, 2015 WL 1469544, at *2 (E.D.N.Y. Mar. 30, 2015) (citing *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)). In deciding an unopposed motion to dismiss, a court may "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* (quoting *McCall*, 232 F.3d at 322). A court may also examine "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted).

## DISCUSSION

The plaintiff bases her FDCPA claim on a letter sent by Selip & Stylianou, LLP, which is not a party to this action. The plaintiff does not allege that the defendants tried to collect the debt, nor does she explain the relationship between the defendants and Selip & Stylianou. As an initial matter, therefore, the complaint appears to state no claim against the defendants. The defendants argue in any event that they cannot be liable under the FDCPA because they are not "debt collectors" within the meaning of the FDCPA, and because the plaintiff filed her claim outside of the applicable statute of limitations.

"The FDCPA prohibits 'debt collectors' from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998) (cleaned up) (quoting 15 U.S.C. § 1692e). Accordingly, to state a claim under the FDCPA, a plaintiff must establish that the defendant is a debt collector under the statute. To do so, the plaintiff must show that the defendant "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA expressly excludes creditors—entities that seek to collect "their own" debt—from the definition of a debt collector. *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1724 (2017); *see also Maguire*, 147 F.3d at 235 ("As a general matter, creditors are not subject to the FDCPA."); 15 U.S.C. § 1692a(6)(F)(ii) (the term "debt collector" "does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person").

According to the complaint, the plaintiff owes money on a "Capital One credit card" account. (ECF No. 1-1 at 3.) If the defendants attempted to collect that debt, they would have been acting on debt owed to them, not "debt owed or due . . . another," and so would not be considered "debt collectors" under the FDCPA. *See, e.g.*, *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1311 (11th Cir. 2015); (holding that Capital One is not a "'debt collector'" because it "does not regularly collect or attempt to collect on debts 'owed or due another'"); *Shetiwy v. Midland Credit Mgmt.*, 980 F. Supp. 2d 461, 471 (S.D.N.Y. 2013) (similar); *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 184–85 (D.N.J. 2012) (similar); *Smith v. Capital One Fin. Corp.*, No. 11-CV-3425, 2012 WL 1669347, at *2 (N.D. Cal. May 11, 2012) (similar).

4

Moreover, the statute of limitations for the plaintiff's claim has expired.  "The statute of limitations for claims brought under the FDCPA is one year." *Griffin v. Santander Bank*, No. 12-CV-1249, 2014 WL 204229, at *7 (E.D.N.Y. Jan. 16, 2014) (discussing 15 U.S.C. § 1692k(d)) (citation omitted).  "[T]he latest date upon which the one year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. June 26, 2007).  And though the FDCPA is subject to equitable tolling, it applies only in "rare and exceptional" circumstances, *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007) (citation omitted), such as when a "defendant has engaged in conduct to conceal wrongdoing and, as a result, plaintiff fails to discover facts giving rise to the claim, despite the exercise of reasonable diligence," *Somin*, 494 F. Supp. 2d at 158–59.

The plaintiff alleges that the "date of occurrence" giving rise to her claims is January 11, 2019.  (ECF No. 1-1 at 3 (capitalization altered).)  Thus, she had until January 11, 2020 to file her claim.  The plaintiff filed her complaint on March 15, 2022—more than two years after the statute of limitations expired.  (*Id.* at 4.)  The plaintiff's complaint is therefore barred by the statute of limitations and must be dismissed.

As a general matter, federal courts should "liberally permit *pro se* litigants to amend their pleadings." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  However, "leave to amend need not be granted when amendment would be futile." *Id.* (citing *Cuoco*, 222 F.3d at 112).  Because the plaintiff can plead no facts that would overcome the deficiencies discussed above, the complaint is dismissed with prejudice.

## CONCLUSION

The complaint is dismissed with prejudice for failure to state a claim. The Clerk of Court is respectfully directed to close this case and enter judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk is also respectfully directed to mail a copy of this Order to the plaintiff at the address she provided and note the mailing on the docket.

**SO ORDERED.**

                                                                         s/Ann M. Donnelly

                                                                ANN M. DONNELLY
                                                                United States District Judge

Dated: Brooklyn, New York
           January 19, 2023